**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  Case No. 10-20705-8

ASHAK ASHAQ,

    Defendant.
                                            /

**ORDER REMANDING DEFENDANT TO CUSTODY**

       The Government filed its motion to detain Defendant on November 15, 2011, and the court conducted a hearing.

       Defendant faces literally decades of imprisonment upon conviction, including several mandatory minima of ten and twenty years that are also mandatorily consecutive to each other. The Government characterizes the potential sentence(s) as a virtual life sentence in view of Defendant's age. In addition, the crimes alleged, involving the use of fire in the destruction of residential and other structures, are crimes of great violence and substantial harm to the community.

       The court held a hearing to determine whether any condition or combination of conditions set forth in the Bail Reform Act would reasonably assure Defendant's appearance as required, and the safety of any other person and the community.

       The court considered, in determining whether there are conditions of release that will reasonably assure the appearance of Defendant and the safety of the community: the nature and circumstances of the offense charged, which includes serious crimes of violence the impact of which, in addition to Defendant's other alleged behavior, resulted

in millions of dollars of loss; the weight of the evidence against Defendant, which appears substantial; the history and characteristics of Defendant, which include limited family, financial and community ties although Defendant has resided in the community for some years, and scant employment history. Defendant has uncertain financial resources. The court finds that there exists a risk of danger to the community posed by Defendant's release, given the arson nature of the criminal allegations.

Defendant's ability to remain lawfully present in the United States after conviction is questionable, and this along with the massive potential penalties gives rise to a likelihood of flight, i.e., a great risk of non-appearance. Defendant's assertions of local ties and law abiding character, proffered through counsel, are unavailing. The Government's presentation, to the contrary, persuades the court clearly and convincingly that there exist no conditions, or combination of conditions, that would adequately assure Defendant's appearance and the safety of the community if Defendant were released.

IT IS ORDERED that Defendant is REMANDED to the custody of the United States Marshal until further order of the court.

        s/Robert H. Cleland  
        ROBERT H. CLELAND  
        UNITED STATES DISTRICT JUDGE

Dated: November 18, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 18, 2011, by electronic and/or ordinary mail.

      s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\Lisa's Folder\10-20705 ASAQ Order to Remand to Custody.wpd