UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,

- vs-

D-2    ALI ALAOUIE,

           Defendant.
_____/

CRIMINAL NO. 10-CR-20705

HONORABLE ROBERT H. CLELAND

## STIPULATED PRELIMINARY ORDER OF FORFEITURE

The United States of America, by and through its attorneys, BARBARA L. McQUADE, United States Attorney for the Eastern District of Michigan and LINDA AOUATE, Assistant U.S. Attorney, together with Defendant ALI ALAOUIE, by and through his attorney, DORAID B. ELDER, ESQ., hereby submit this Stipulated Preliminary Order of Forfeiture:

WHEREAS, a Second Superseding Indictment ("the Indictment") was filed on or about April 5, 2011, which charged Defendant Ali Alaouie with violating 18 U.S.C. § 844(h)(1) (Use of Fire to Commit Fraud), and which provided Defendant with notice that the government sought forfeiture of property constituting or derived from proceeds of his violations;

WHEREAS, on July 25, 2011, Defendant Ali Alaouie entered into a Rule 11 Plea Agreement and agreed to the entry of a forfeiture money judgment against him in favor of the United States, in the amount of $140,000 in United States Currency, and all traceable interest and proceeds for which the defendants are jointly and severally liable, and agreed to the forfeiture of property constituting or derived from proceeds of his federal violation, including the $33,860.53 referenced below;

WHEREAS, Defendant Ali Alaouie acknowledges that if he had chosen to go to trial on the substantive counts, that as to the forfeitable property, the United States would have elected to retain a jury and submit the determination of forfeitability of the $33,860.53 (referenced below) to the jury;

WHEREAS, Pursuant to Fed.R.Crim.P. 32.2(b)(4)(A), Defendant Ali Alaouie agrees that this Stipulated Preliminary Order of Forfeiture shall become effective and final as to him immediately upon being entered by the Court;

NOW THEREFORE, based upon the Indictment, Defendant Ali Alaouie's acknowledgment of forfeiture, the Rule 11 and guilty plea, and the other information in the record, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT

1. A money judgment in the amount of $140,000 in U.S. Currency is granted and entered against the Defendant Ali Alaouie in favor of the United States of America.

2. Any and all right, title and interest of Defendant Ali Alaouie in the following property IS HEREBY FORFEITED to the United States for disposition in accordance with law, and any right, title or interest of Defendant Ali Alaouie, and any right, title or interest that his heirs, successors or assigns, have or may have in said property IS HEREBY AND FOREVER EXTINGUISHED:

> any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of Defendant's violation of 18 U.S.C. § 844(h)(1), including but not limited to, $33,860.53 represented by the following check :
>
> • Check issued by the County of Wayne Treasurer's Office from an account

at Bank 1 One N.A. in Dearborn, MI in the amount of $33,860.53

(Asset ID # 10-FBI-006975)

("Subject Funds").

3. The Subject Funds are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(2) and/or 28 U.S.C. § 2461, and the requisite nexus exists between such property and the offense set forth in the Indictment.

4. Upon entry of this Order, the United States or a designee is authorized to seize the assets described above in paragraph 6, if not previously seized, pursuant to Federal Rule of Criminal Procedure 32.2(b)(2) and (3), to conduct any discovery that the Court considers proper to help identify, locate, or dispose of any assets identified above, and United States is authorized to begin proceedings consistent with applicable statutory requirements pertaining to ancillary hearings and the rights of any third parties.

5. The United States shall publish for at least thirty days, utilizing the internet site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture and its intent to dispose of the Subject Funds in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n). Said notice shall direct that any person, other than Defendant Ali Alaouie, asserting a legal interest in the Subject Funds may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Funds.

6. Any petition filed by a third party asserting an interest in the Subject Funds shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the Subject Funds, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Funds, any additional facts supporting the petitioner's claim and the relief sought.

7. Defendant Ali Alaouie will cooperate with the United States by taking whatever steps are necessary to deliver clear title to the above-identified property to the United States and will execute such legal documents as may be required to transfer title to the United States and by taking whatever steps are necessary to ensure that the property is not sold, disbursed, hidden, wasted or otherwise made unavailable for forfeiture. If any other person or entity has any interest in such property, Defendant Ali Alaouie will assist in obtaining a release of interest from any such other person or entity.

8. Defendant Ali Alaouie expressly waives his right to have a jury determine the forfeitability of his interest in the property described above as provided by Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure Ali Alaouie knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, and specifically acknowledges that the above-identified forfeitable property constitutes or is derived from proceeds traceable to his violation of 18 U.S.C. § 844(h)(1).

9. Ali Alaouie waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Ali Alaouie

acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed on him in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J).

10. Following the Court's disposition of all petitions filed, if any, and upon proof of publication and notice to any persons known to have alleged an interest in the Subject Funds, the United States shall have clear title to the Subject Funds, and the Attorney General, the United States Marshals Services and/or the United States Department of Treasury are authorized to dispose of the Subject Funds in accordance with law.

11. In the event the money judgment is not paid at or before sentencing, the unpaid balance of the forfeiture money judgment may be satisfied through the forfeiture of any other property of the defendant's as substitute property by operation of 21 U.S.C. §853(p)(1) and (p)(2);

12. Pursuant to Fed.R.Crim.P. 32.3(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time that it is entered by the Court and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed.R.Crim.P. 32.2(c)(2).

///

///

///

///

///

13. The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2.

Agreed as to form and substance:

BARBARA L. McQUADE
United States Attorney

s/Linda Aouate
LINDA AOUATE [P-70693]
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9587
Linda.aouate@usdoj.gov

Dated: 11/15/2011

s/Doraid B. Elder
DORAID B. ELDER, ESQ. [P-57728]
Attorney for Defendant ALI ALAOUIE
13530 Michigan Avenue, Suite 322
Dearborn, MI 48126
Phone: (313) 582-5800
Doraidelder@aol.com

Dated: 11/9/2011


s/Ali Alaouie (please see attached signature page)
ALI ALAOUIE, Defendant

Dated: 11/9/2011

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IT IS SO ORDERED.**

Dated: NOV 28 2011

HONORABLE ROBERT H. CLELAND
United States District Judge

13. The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2.

Agreed as to form and substance:

BARBARA L. McQUADE
United States Attorney

*(signature)*

LINDA AOUATE [P-70693]
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9587
Linda.aouate@usdoj.gov

Dated: 11-15-11

*(signature)*

DORAID B. ELDER, ESQ. [P-57728]
Attorney for Defendant ALI ALAOUIE
13530 Michigan Avenue, Suite 322
Dearborn, MI 48126
Phone: (313) 582-5800
Doraidelder@aol.com

Dated: 11-9-11

*(signature)*

ALI ALAOUIE, Defendant

Dated: 11-9-11

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IT IS SO ORDERED.**

Dated: _____

_____
HONORABLE ROBERT H. CLELAND
United States District Judge