**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                   Case No. 10-20705

ALI DARWICH,

    Defendant.
_____/

**ORDER DENYING RENEWED MOTION FOR INVESTIGATIVE EXPERT**

Before the court is another motion requesting that the court appoint an "investigative expert," filed by pro se Defendant Ali Darwich. The court will once again deny the motion.

Under 18 U.S.C. § 3006A, "[c]ounsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application." 18 U.S.C. § 3006A(e)(1). If the court finds that the services are necessary and that the defendant is unable to afford them, the court shall authorize counsel to obtain the services at public expense. *Id.* The court has several times denied Defendant's requests to appoint experts, each time explaining that Defendant had failed to show, or even allege, why it is necessary to appoint an expert at public expense.

The court accepts that Defendant is at least facially unable to pay for such services, but is still unpersuaded that appointment is required. Indeed, Defendant provides even less explanation for the necessity of an expert than he has provided in

previous filings which the court has already denied. Defendant states generally that he wants an "expert defense" so that he will be "legall rady" (legally ready) for trial. Consistent with his persistent theme of a grand conspiracy, Defendant also states that he wants an expert to prove that the Assistant United States Attorney has forged documents in this case. As the court has stated before, Defendant either seeks information as to issues already definitively decided by the court, information which is irrelevant, or, most prominently, information which could be obtained through Defendant's stand-by counsel. The statutory standard for an expert is thus still unmet, and the court will deny his motion. Accordingly,

IT IS ORDERED that Defendant's "Motion for Investigative Expert . . ." [Dkt. # 294] is DENIED.

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: January 24, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 24, 2012, by electronic and/or ordinary mail.

S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522