**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Case No. 10-20705

ALI DARWICH,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO CHANGE VENUE**

Before the court is another motion to change venue filed by pro se Defendant Ali Darwich on September 21, 2011. The Government opposes the motion. In reviewing the briefs, it is clear to the court that Defendant does not seek an actual change in venue but, rather, Defendant seeks disqualification of this judge. The motion will be denied.

Motions for disqualification are governed under 28 U.S.C. § 455, which provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Defendant has made similar requests for disqualification of this court in the past, which the court has denied. (*See* e.g., 9/12/02 Petition; 9/17/02 Order; 10/23/02 Order.) The court will likewise deny his current motion.

"In order to justify recusal under 28 U.S.C. § 455, the judge's prejudice or bias must be personal or extrajudicial." *United States v. Jamieson,* 427 F.3d 394, 405 (6th Cir. 2005) (citing *United States v. Hartsel,* 199 F.3d 812, 820 (6th Cir. 1999)).

"'Personal' bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." *Id.* (quoting *Youn v. Track, Inc.,* 324 F.3d 409, 423 (6th Cir. 2003)). Therefore, it is not an abuse of discretion to deny a motion to disqualify where, as here, the motion "is merely based upon the judge's rulings in the instant case or related cases or attitude derived from his experience on the bench." *Shaw v. Martin,* 733 F.2d 304, 308 (4th Cir. 1984).[1]

In this case, Defendant relies solely on this court's prior rulings as "evidence" of the court's alleged bias. The Supreme Court has made clear that " judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States,* 510 U.S. 540, 555 (1994). In *Liteky,* the Court explained the "extrajudicial source doctrine," holding:

> In and of themselves (*i.e.,* apart from surrounding comments or accompanying opinion), [judicial rulings] cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. An example of the latter

---

[1] Indeed, as the Supreme Court has noted, "[i]mpartiality is not gullibility. Disinterestedness does not mean child-like innocence. If the judge did not form judgments of the actors in those court-house dramas called trials, he could never render decisions." *Liteky v. United States*, 510 U.S. 540, 551 (1994) (quoting *In re J.P. Linahan, Inc.,* 138 F.2d 650, 654 (2nd Cir. 1943)).

> (and perhaps of the former as well) is the statement that was alleged to have been made by the District Judge in *Berger v. United States,* 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921), a World War I espionage case against German-American defendants: "One must have a very judicial mind, indeed, not [to be] prejudiced against the German Americans" because their "hearts are reeking with disloyalty." *Id.,* at 28 (internal quotation marks omitted). *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration-even a stern and short-tempered judge's ordinary efforts at courtroom administration-remain immune.

*Id.,* 510 U.S. at 555-556. Under the principles announced in *Liteky*, the court finds that Defendant has failed to allege facts reasonably calling into question this court's impartiality. *See* 28 U.S.C. § 455(a). As in his previous motions, Defendant relies exclusively on this court's prior rulings, and Defendant's failure to allege any facts showing a personal or extrajudicial bias or prejudice of this court is fatal to his motion. Accordingly,

IT IS ORDERED that the Defendant's September 21, 2011 motion to change venue [Dkt. # 279], is DENIED.

    S/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated: January 24, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 24, 2012, by electronic and/or ordinary mail.

    S/Lisa Wagner
    Case Manager and Deputy Clerk
    (313) 234-5522