**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                         Case No. 10-20705

ALI DARWICH,

      Defendant.
_____/

**ORDER DENYING DEFENDANT ALI DARWICH'S MOTION FOR COPY OF
TRANSCRIPT AND "MOTION FOR THE CAMERA INSPECTION AND
TRANSCRIPT"**

Before the court is a November 18, 2011 document filed by pro se Defendant Ali Darwich. The document has been docketed as a "Motion for Copy of Transcript, etc." On November 29, 2011, the Government filed a motion seeking to strike Defendant's motion, which has been docketed as a response to Defendant's motion ("response"). [*See* Dkt. # 330.][1] In the Government's response, it argues that Defendant's motion is incomprehensible and it is therefore impossible for the Government to articulate a response. While Defendant's motion is inartfully drafted, it appears to request some sort of transcript, from the Government, during Defendant's pre-suit discussions with the Government. Similarly, or alternatively, in another motion, filed December 7, 2011, Defendant requests that the Government produce such a "pretrial transcript" to the court for an in camera inspection to decipher whether the Government's "Form 302" of the

---

[1]Because the Governement's document was not docketed as a motion, the court need not technically terminate it on the docket. Nonetheless, the court denies the Government's request to "strike" Defendant's November 18, 2011, document, as there is nothing scurrilous in the document. The court finds no reason to strike it from the docket.

meeting is accurate. The Government responded to this motion that it is unclear precisely what Defendant is seeking.

Defendant has not shown that the Government has improperly withheld any discovery to which he is entitled. Indeed, Defendant has asked for a transcript, or a recording, of this meeting several times in the past. From the court's recollection, the Government has stated that no transcript was made of the pre-suit discussions. If the Government has since discovered a recording or transcript, it is instructed to reexamine any obligation it *may* have to produce the material. As the court has stated multiple times in the past, the Government has demonstrated that it is in compliance with its limited discovery obligations, while Defendant has demonstrated his inclination to use discovery requests as gamesmanship tools. The court remains confident in the Government's statements that it is aware of its limited discovery obligations. Accordingly,

IT IS ORDERED that Defendant Darwich's November 18, 2011 "Motion for Copy of Transcript, etc." [Dkt. # 321] and December 7, 2011 "Motion for the Camera Inspection and Transcript" [Dkt. # 336] are DENIED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: January 24, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 24, 2012, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\10-20705.DARWICH.Pre-Trial.Discovery.321.336.wpd

2