# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                    Case No. 10-20705

ALI DARWICH,

      Defendant.

                                    /

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Before the court is a motion to dismiss filed on September 27, 2011, by pro se Defendant Ali Darwich. The Government responded to Defendant's arguments on November 1, 2011. In his motion to dismiss, and in his two supporting memoranda to that filing, Defendant argues that the charges against him should be dismissed because (1) they purportedly violate the double jeopardy clause of the Fifth Amendment and (2) they violate his "immunity agreement." Finding no merit to Defendant's arguments, the court will deny his motion.

First, Defendant's present federal charges, subsequent to a state conviction based upon conduct similar —or even identical— to that in the present case, do not violate the double jeopardy clause. *Abbate v. United States*, 359 U.S. 187, 194 (1959) ("[A] federal prosecution is not barred by a prior state prosecution of the same person for the same acts."). Further, to the extent Defendant argues that superceding indictments violate the double jeopardy clause, it is well-settled that "jeopardy does not attach until the jury is empaneled and takes the oath." *United States v. Young*, 657

F.3d 408, 416 (6th Cir. 2011) (citing *Serfass v. United States*, 420 U.S. 377, 388 (1975)).  Thus, Defendant has not identified any violation of the double jeopardy clause.

As to the latter argument, the court denied Defendant's motion to dismiss the indictment because of any "immunity agreement" almost a year ago.  (4/07/11 Order.) Despite numerous attempts to seek reconsideration of that order, Defendant has failed to persuade the court that there is any legal or factual basis to revisit the ruling.  The issue has been decided.  Reconsideration has been denied.  Any other review of this issue would be within the jurisdiction of the Court of Appeals, but only if and when Defendant is convicted.  It is past time for Defendant to move on.  Accordingly,

IT IS ORDERED that the Defendant's September 27, 2011, motion to dismiss [Dkt. # 282], supported by his two related subsequent filings [Dkt. ## 290 & 296], is DENIED.

       S/Robert H. Cleland
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

Dated:  March 21, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 21, 2012, by electronic and/or ordinary mail.

       S/Lisa Wagner
       Case Manager and Deputy Clerk
       (313) 234-5522