**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

        v.                                             Case No. 10-20705

ALI DARWICH,

    Defendant.
_____/

**OPINION AND ORDER**
**(1) GRANTING DEFENDANT'S REQUESTS FOR NEW STANDBY COUNSEL,**
**(2) TERMINATING ALL DEFENDANT'S MOTIONS WITHOUT PREJUDICE,**
**(3) IMPOSING DEADLINES,**
**(4) DENYING AS MOOT THE GOVERNMENT'S "MOTION TO REQUIRE STAND-BY COUNSEL TO SCREEN DEFENDANT'S MOTIONS" AND**
**(5) CAUTIONING DEFENDANT CONCERNING IN-COURT BEHAVIOR**

On March 2, 2011, Defendant Ali Darwich exercised his right under the United States Constitution to represent himself in this case. *See Faretta v. California*, 422 U.S. 806 (1975). After the court carefully considered Defendant's request in the light of his obvious unfamiliarity with court rules and procedures, and his inability to speak any but rudimentary English, the court nonetheless validated the Defendant's assertion that he had "knowingly and intelligently" waived his right to be represented by counsel.

Because of Defendant's unfamiliarity with both the justice system and English, the court also determined that standby counsel, appointed by the court to serve at public expense, would be necessary to assist Defendant through the complexities of protocol and procedure. *See McKaskle v. Wiggins*, 465 U.S. 168, 170 (1984). Since that time Defendant has, on several occasions, expressed his dissatisfaction with

current counsel and requested new standby counsel.  Thus far, the court has denied the requests, as to do so would necessarily result in a further delay in the case and the expenditure of additional public resources for a new attorney to meet with Defendant and become familiar with the case.  However, given Defendant's disaffection with his counsel, his refusal to make use of the services counsel has been ready to provide, his persistent request for new counsel, and especially after considering the latest of standby counsel's memoranda (Dkt. # 443), the court finds, in the interests of justice, it is time for the court to thank present standby counsel, dismiss him, and to appoint substitute counsel.

In making this determination, the court emphasizes that current standby counsel, Fred Walker, Esq., has shown extraordinary commitment and diligence.  The court is persuaded that any breakdown in the relationship between Defendant and Mr. Walker has been entirely the responsibility of defendant, whether born of obstreperousness, paranoia, calculated play-book wilfulness, or some other reason.  Defendant continues to make unwarranted accusations seemingly against anyone who is involved, even tangentially, in this matter. Defendant long ago decided to include Mr. Walker in this treatment.  Further, Defendant has obstinately and unwisely refused to communicate with Mr. Walker or accept any counsel or materials from him, despite Mr. Walker's continued efforts to fulfill his responsibilities.   (*See*, e.g., Dkt. ## 361, 385, 396, 443.)

The court's reluctance to replace Mr. Walker has been influenced to a significant degree by Defendant's longstanding pattern of accusations. The court has been inclined to think that, based on that pattern, Defendant would likely continue such behavior even with a new attorney set to the task.  Nonetheless, the lack of any communication

between Defendant and his standby counsel has gone on too long. This lack of communication has contributed, in part, to the Defendant's continuous filing of baseless, even preposterous, motions which have needlessly clogged this court's docket.

Since the day Defendant assumed responsibility for his own defense he has filed approximately 75 motions, not including the plethora of "affidavits," "letters," "responses," "memoranda," and other random documents which he has submitted to the court; these other matters likely number well more than the actual "motions." All but a very small number of Defendant's motions have been without merit, factually unsupported, legally non-cognizable, scurrilous, or simply fantastical. His motions have been presented in a misspelled phonetic quasi-English, hand-printed, and therefore uniformly challenging to decipher in form and substance. The court's effort to fairly scrutinize each motion (rather than simply denying each out of hand as procedurally inconsistent with the Local and Federal Rules and virtually indecipherable), has resulted in a significant drain on the resources of both the court and the Government.

The court estimates that months have been lost due to Defendant's persistence in filing these baseless and confusing motions, to the prejudice of not only Defendant himself, but likely the Government as well, and the general interest of justice that calls for a speedier rather than a slower resolution of criminal allegations. The court believes that if Defendant had fairly consulted with his knowledgeable standby counsel, fewer than ten motions would have been filed.

Additionally, Defendant's behavior in court has deteriorated over the past few court appearances. While for the most part, particularly nearer the beginning of his self-representation, Defendant displayed reasonably respectful and appropriate behavior in

court, in recent appearances it has become increasingly difficult for him to control his temper and his impulsive outbursts.

The court has attempted to exercise great patience in tolerating Defendant's obstreperous, angry, and sometimes vulgar eruptions *when addressing this court directly*. (*See, e.g.,* 9/08/11 Tr. at 24, Dkt. # 291 ("If you read in the Bible and if you know the Bible, just read about the pharaoh. You are the pharaoh. And in this case, I don't need Rule 16, I don't need rule mickteen. I don't need any shitty rule."); *see also*, 10/27/11 Tr. at 25, Dkt. # 469 ("Fuck you. Fuck you, mother fucker.").) Fortunately, the eruptions have been infrequent and have occurred when no jury has been present. The court's patience with outbursts, however, has reached an end. There will be no more of this behavior, even in the absence of a jury.

In an effort to give Defendant a final opportunity to control his behavior, the court will appoint new standby counsel. The court expects that after consultation with a new attorney, Defendant can gain the perspective he so badly needs, and will adjust his behavior to both avoid filing substantively outrageous motions and relent from acting out childishly in court.

The court will thus agree with Defendant's request for a new standby counsel, but will order that Defendant consult with new standby counsel before filing any further motions. Relatedly, the court will terminate all of Defendant's current pending motions without prejudice to allow Defendant the opportunity to receive legal counsel before further clogging the docket and potentially prejudicing his defense. Standby counsel will have twenty-eight days to review the record, consult with previous standby counsel Walker as needed, and obtain any necessary file materials. This approximate one

month period should also be sufficient to meet with Defendant and transfer any discovery or other documentation which Defendant has previously been offered but refused to accept, and to assist Defendant in the legal preparation of his case.  In those twenty-eight days, the court will order Defendant to file no motions of any kind so that Defendant can focus on receiving legal advice and deciding how to best approach his defense.  Any motions which he attempts to file during this one-month moratorium will be terminated without consideration.

Further, based upon the court's experience with Defendant's several courtroom outbursts, the court expressly cautions Defendant as follows:

> **ANY FUTURE UNRULY, OBSTREPEROUS, VULGAR, OR DISRUPTIVE BEHAVIOR EXHIBITED BY DEFENDANT IN THE COURTROOM WILL NOT BE TOLERATED, AND WILL RESULT IN A COURT ORDER THAT DEEMS DEFENDANT TO HAVE WAIVED HIS *FARETTA* RIGHT TO SELF-REPRESENTATION.**

*See United States v. Dougherty,* 473 F.2d 1113, 1125 (1972) ("Deliberate dilatory or obstructive behavior may operate in effect as a waiver of his pro se rights.").  In such event, standby counsel will be vested by the court with full authority to conduct all further proceedings in the case.

The court cautions Defendant additionally as follows:

> **IN THE EVENT THAT THE COURT DEEMS DEFENDANT TO HAVE WAIVED HIS RIGHT TO SELF-REPRESENTATION, ANY ADDITIONAL AND SUBSEQUENT UNRULY, OBSTREPEROUS, VULGAR, OR DISRUPTIVE BEHAVIOR EXHIBITED BY DEFENDANT IN THE COURTROOM MAY RESULT IN DEFENDANT BEING PHYSICALLY REMOVED FROM THE COURTROOM TO A REMOTE LOCATION WHERE HE CANNOT DISRUPT PROCEEDINGS BUT MAY OBSERVE THE PROCEEDINGS BY CLOSED CIRCUIT TELEVISION AND PERIODICALLY CONSULT WITH HIS ATTORNEY AS NEEDED.**

*See, e.g., Illinois v. Allen*, 397 U.S. 337, 342-343 (1970) (right to be present at trial not violated where trial judge removed defendant for disruptive behavior).

Defendant is instructed to review the court's May 10, 2011 "Notification and Cautions to Pro Se Defendant Regarding Self-representation Standards and Requirements." (Dkt. # 174)  In summary, If Defendant cannot abide by the court's rules of procedure—and the general, well-accepted standards of decorum as befit the dignity of a federal courtroom—he will have effectively waived his *Faretta* right.  And, if he continues to demonstrate a failure to abide by such standards, he may be deemed to have effectively waived his right to be personally present at trial thereafter.

The court also expects standby counsel to discuss with Defendant the implications of filling repetitive frivolous motions on this court's docket, as well as the likely further delay to the case if he persists in such efforts.

By appointing new standby counsel, the court hopes to give Defendant a chance to refocus his defense on the salient issues and to prevent Defendant from further delaying this case with unnecessary motions.  Therefore, the court will also terminate <u>all</u> of Defendant's pending motions without prejudice to allow Defendant to decide, after consultation with standby counsel, which motions if any he truly needs to pursue.  In order to give Defendant time to make these decisions, the court will impose a brief moratorium on motions.  Any motions filed by Defendant before **June 1, 2012**, will immediately be terminated, also without prejudice.  As it is the court's hope that new standby counsel will succeed in persuading Defendant to proceed within the bounds of reason, the court will deny as moot the Government's "Motion to Require Stand-by Counsel to Screen Defendant's Motions."  Accordingly,

IT IS ORDERED that Defendant's requests to change standby counsel [Dkt. ## 341, 391, 419] are GRANTED.  And,

IT IS FURTHER ORDERED that the Federal Defender Office, 613 Abbott, 5th Fl., Detroit, Michigan 48226, telephone number (313) 967-5542, is APPOINTED as temporary standby counsel to Defendant Darwich until the appointment is terminated by (1) further order of the court, (2) appointment of substitute CJA counsel, or (3) appearance of retained counsel. Consistent with the court's instructions, above, new standby counsel is DIRECTED to review the file and meet forthwith with attorney Fred Walker and Defendant Darwich.  Counsel is specifically DIRECTED to carefully review the court's May 10, 2011 "Order Regarding Standby Counsel," [Dkt. # 173].  And,

IT IS FURTHER ORDERED that all of Defendant's pending motions [Dkt. ## 393, 397, 407, 414, 430, 435, 438, 444, 445, 446, 450, 456, 459] are TERMINATED WITHOUT PREJUDICE. And,

IT IS FURTHER ORDERED that Defendant shall file no motion until he consults with new standby counsel, and in any event no motion of any kind before **June 1, 2012**. And,

IT IS FURTHER ORDERED that a motion deadline of **July 2, 2012** is imposed. Any motion filed after July 2, 2012, without leave of court, will be denied as untimely. And,

IT IS ORDERED Government's "Motion to Require Stand-by Counsel to Screen Defendant's Motions" [Dkt # 457] is DENIED AS MOOT.  And,

Finally, it having come to the court's attention that Defendant has been calling

7

the court's case manager nearly every day for a number of weeks, sometimes multiple times a day, seeking information and, in essence, advice about his case, the court determines that such telephone inquiries are an inappropriate and unwarranted drain on the court's limited resources. Accordingly,

    IT IS ORDERED that Defendant shall forthwith cease telephoning this court's chambers, but shall instead direct any telephone inquiry he may have to his standby counsel.

                                   S/Robert H. Cleland
                                   ROBERT H. CLELAND
                                   UNITED STATES DISTRICT JUDGE

Dated: May 4, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 4, 2012, by electronic and/or ordinary mail.

                                   S/Lisa Wagner
                                   Case Manager and Deputy Clerk
                                   (313) 234-5522